**Yun Jie LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2478–AG NAC.**

United States Court of Appeals,
Second Circuit.

Dec. 30, 2005.

Thomas V. Massucci, New York, York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Robert A. Zaumer, Assistant United States Attorney, Chief of Appeals, M. Taylor Apinwall, Assistant United States Attorney, Philadelphia, Pennsylvania, for Respondent.

Present: Hon. Dennis JACOBS, Hon. Chester J. STRAUB, and Hon. Sonia SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yun Jie Lin petitions for review of the April 2004 decision of the BIA summarily affirming an Immigration Judge's ("IJ's") final order of removal. We assume the parties' familiarity with the facts and procedural history of this case.

 Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). The IJ pretermitted Lin's asylum application because it was not filed within one year of his arrival in the United States. Although Lin argues that he should have been granted asylum, he does not challenge the one-year bar determination in his brief to this Court; he therefore waives any such challenge. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Lin has not briefed the issue of CAT relief in his petition for review; therefore, Lin waived this issue on

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

appeal. *Id.* Since that determination is dispositive to the asylum denial we have no basis to disturb the IJ's decision in this regard. Lin claims for relief also fail because substantial evidence supports the IJ's adverse-credibility finding—with respect to both asylum and withholding of removal. In his application, Lin's testimony was unresponsive, inconsistent, and evasive. Lin was unable to: (1) explain the inconsistencies in his testimony regarding when his wife was required to have an IUD inserted, and appear for subsequent exams; (2) respond to the IJ's question, when he was confronted with the inconsistency between his statement and his hearing testimony, with regard to the nature of threats he received in detention; and (3) explain why he mentioned his mother's payment of the 5,000 RMB fine in his statement, but failed to mention her financial assistance in the hearing testimony.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).